**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KIER PORTER, | } | |
| *Plaintiff* | } | |
| v. | } | CIVIL ACTION NO. H-05-419 |
| | } | |
| CONTINENTAL AIRLINES, | } | |
| *Defendants* | } | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Continental Airlines's motion for summary judgment (Instrument No. 8). For the following reasons, the court ORDERS that Continental Airline's motion is GRANTED.

I. <u>Facts</u>

When Plaintiff Kier Porter ("Porter") was terminated in March 2004, she had worked for Defendant Continental Airlines ("Continental") for fifteen years. Porter was employed as a reservations representative. Her duties included making flight reservations for new customers and updating frequent flyer information for "OnePass" members. Porter was an hourly employee, and Continental monitored the hours she spent at work through her telephone headset.

Starting in 1998, Porter was certified for medical leave under the Family and Medical Leave Act. The reason for Porter's medical leave was migraine headaches. At first Porter's migraines required her to miss two to three days of work per month. Eventually, however, they led her to miss one to two days of work per week. *See* Doctor's certifications (Instrument No. 8, Ex. P).

In early 2004, one of Porter's co-workers reported to management that Porter and another Continental employee were  using sick time to leave work early and car pool. Management initially investigated the claim using Continental's time records. These records revealed that, over a six-month period, Porter and Randolph Jones ("Jones") left work early on the same day on nineteen separate occasions. *See* Spreadsheet (Instrument No. 8,  Ex. C). On some

of these days the headset records reflect that Porter and Jones unplugged within minutes of each other; on other days, the records reflect a time gap of over one hour. *Id.*

Management then interviewed Porter and Jones about their absences. A contemporaneous memorandum prepared by Jeanette Coniglio reflects that, in her view, Porter and Jones were untruthful at their interviews. *See* Coniglio Memorandum (Instrument No. 8, Ex. F). The memorandum goes on to recommend that both employees be terminated.

On 12 March 2004, Continental informed Porter that her employment was being terminated. *See* Termination Memorandum (Instrument No. 8, Ex. I). The termination memorandum cites several Continental policies requiring honesty from employees. It goes on to explain that Porter's termination is due to her perceived dishonesty in cooperating with Management's investigation of her use of sick leave. Porter appealed Continental's termination decision to a panel of co-workers, who affirmed her dismissal by letter dated 5 April 2004. *See* Opinion of ARC (Instrument No. 8, Ex. L).

Both Porter and Jones filed suit against Continental. In a previous opinion, this court granted Continental's motion for summary judgement on Jones's claims. *See Jones v. Continental*, 04-cv-2246 (S.D. Tex. Sept. 14, 2005) (unpublished).

II. <u>Summary Judgment Standard</u>

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential

element of any claim on which he bears the burden of proof at trial.  Fed. R. Civ. P. 56(c).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts.  *Anderson*, 477 U.S. at 256-57.  He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party."  *Id.* at 254.  A mere scintilla of evidence will not preclude granting of a motion for summary judgment.  *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962).  Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Id.</u> at 586.  Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor.  *Anderson*, 477 U.S. at 249.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.*, 477 U.S. at 249-50.  Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence.  *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions.

*Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

III.  Application of Law to the Facts

Porter's complaint (Instrument No. 1) states claims for violation of the Family and Medical Leave Act of 1993 ("FMLA"), violation of the Americans with Disabilities Act of 1990 ("ADA"), and  breach of employment agreement.  Continental has moved for summary judgment against all of Porter's claims.

Retaliation claims under the FMLA and discrimination claims under the ADA are governed by the McDonnell Douglas burden shifting framework.  *See Chaffin v. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999) (FMLA); *McInnis v. Alamo Community College District*, 207 F.3d 276, 279 (5th Cir. 2000) (ADA).  Under this framework, the plaintiff must first plead a prima facie case; if she is successful, the burden shifts to the defendant to articulate a legitimate non-prohibited reason for the adverse employment action; if the defendant is successful, the onus shifts back to plaintiff to produce substantial probative evidence showing that the motivating factor for the employment decision was the plaintiff's protected action or characteristic.  *See Desert Palace Inc. v. Costa*, 539 U.S. 90, 92 (2003) (holding that, under the final prong of the McDonnell Douglas standard, Plaintiff must show that a motivating factor in Defendant's decision was Plaintiff's protected characteristic.).

Porter's FMLA retaliation claim and ADA discrimination claim fail the final prong of the McDonnell Douglas standard.   Porter has tried to meet her burden by attacking the factual underpinnings of Continental's decision.  She argues that based on the time gaps in the spread sheet a jury could, on at least some occasions, find that Continental was not justified in concluding that she had left work early with Jones. While this may be true, no jury could, based on this evidence alone, conclude that Continental was motivated by discriminatory or retaliatory animus.

In *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 143 (2000), the Supreme Court observed that "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject . . . the defendant's explanation, no rational fact finder could conclude that the action was discriminatory," this is such a case.  At the time of her dismissal, Porter had already been on FMLA leave for six years.  During that time, Continental consistently accommodated her need to take time off to deal with her migraines.  Porter has not suggested why Continental suddenly decided to change course.  Moreover, Porter has not explained why Jones, who is not disabled, was fired for engaging in similar behavior to her own.

Like her retaliation and discrimination claims, Porter's breach of employment contract claim fails.  Porter argues that Continental's Reservation Agents Handbook modified her status as an employee at will.  Under Texas law, an employee handbook must contain either express language or reciprocal covenants to change an employee at will into an employee that can only be dismissed for cause.  *See Joachim v. AT&T Information Systems*, 793 F.2d 113, 114 (5th Cir. 1986) (absent an express reciprocal agreement dealing with procedures for discharge, employee handbooks constitute no more than general guidelines and do not create a contractual right in the employees).  Porter has not presented the court with any language changing her employment status.  There court therefore concludes that was an employee at will.

IV.  <u>Conclusion</u>

For the aforementioned reasons, the court ORDERS that Continental's motion for summary judgment (Instrument No. 8) is GRANTED.  Plaintiffs claims are dismissed WITH PREJUDICE.

Signed at Houston, Texas, this 3rd day of  October,  2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE